Thank you for your service under the Criminal Justice Act. The court certainly appreciates that. Well, thank you for giving me an interesting case. May it please the court, counsel. I am Brent Rosenberg and I am here representing appellant petitioner Dorian Ragland. This is a 2255 case alleging ineffective assistance of counsel. Mr. Ragland was convicted of distribution of heroin causing death pursuant to 21 U.S.C. 841 A1. The central issue in this case is whether there is a statute of limitations defense which should have been raised by trial counsel. Before I start any of that, the key dates that we're going to be talking about are an offense date alleged in the indictment of January 9, 2001, an information filed on January 9, 2006, and an indictment filed on January 10, 2006. District court, as you know, found that the indictment was timely under 3282A and pursuant to Rule 45, the application of Rule 45. It seems pretty clear that the authority would suggest that that's not the case, assuming that the offense date was January 9, 2001. And I think the well, very clearly the government conceded that point in their brief before filing the Rule 28J letter, which they appear to have revoked that concession. But I think it's it is clear that if the offense date is January 9, 2001, that there's complete agreement by the government and myself that the indictment was not timely. I don't think that's an issue. The Rule 28J letter, and I'm going to go right to that, the point that the government is making there, and again, I believe it's a new argument and I don't believe it's a proper Rule 28J letter, and I've set all that out. I agree. It is not a proper 28J letter, but it is good that we know the law. So I think whether it comes in improperly or we find it on our own, I think you should address it. I agree that you're right. It's not new material. So I'm going to brush over the authorities I've cited on the issue of whether it's a proper 28J letter and whether or not it can be raised for the first time on appeal, although I do not agree with the government that those laws apply only to appellants, and I have authority, obviously, that they apply to appellees. But the bottom line here is in that circumstance what we have is we have some evidence that was presented at trial which is equivocal on the point of when the death occurred. And obviously we haven't fully briefed that, but I have looked at a number of items of evidence, including the testimony of Mr. Quaid and the girl whose name I'm forgetting that saw him just before midnight who says that she last saw him around midnight and then says she has her purse and she's ready to leave at 1145 and he's being escorted, I think, at that point into the bedroom if I'm reading it right. The problem evidence for us is the medical examiner's report which contains a finding or an allegation, I should say, that he was last seen alive at 2 AM by Quaid. So I just want to acknowledge that's in there. It's very clearly there. And there's nothing I can do about it. But Quaid did testify and he didn't say that. The biggest problem for the government, though, is that the judgment itself recites the offense date ended July 9, 2001. And all throughout these proceedings that's exactly the date that everyone has assumed applied. Do we know when he ingested the heroin? We do know that that was the 9th. The evening of the 9th. What time of the evening? Off the top of my head I'm not completely sure. The reason I ask is I've seen a number of these cases now and it's my understanding that heroin overdose deaths occur rather rapidly. Not instantaneously but usually if you survive a heroin overdose for a couple hours you're probably going to live. You're either going to die in the first hour or two you're probably going to live. Now maybe I'm not an expert but that seems to be kind of what I've observed. But I don't know. I don't know. And I do have the medical examiner's report back there so I can probably answer the question exactly when I come back up. But right now I'm sort of thinking it's like 9.30 to 10 o'clock or somewhere in there. Well are you suggesting indirectly let me make it directly that you want to do supplemental briefing to our court on this number one about the record but also about the possibility it needs to go back and have further evidentiary findings by the district court? Are you asking for supplemental briefing? On the issue raised in the Rule 28J letter, absolutely. We are. I think we've got to flesh that out. Well unless we just independently decided on the it has the word or in there. So we could independently decide on the information problem, right? Yeah, you could. I mean if you decide consistent with verdicts data that the information is instituted when it's filed then that would be dispositive of the case regardless of the issues raised in the Rule 28J letter. And that's the next big issue and obviously we've cited a number of cases which are opposite authority to verdicts data and I think we're particularly interested in the Mikado case because of the discussion in it. Now granted it's a district court case and you've got a 7th Circuit case but it is a discussion about an issue which is unsettled and it is very persuasive in my opinion. The court in Mikado said it defies logic and reason that the court may accept an information without waiver for the purpose of applying the statute of limitations when the same document is meaningless for the purpose of subject matter jurisdiction. And I was kind of thinking through this thing and really Institute is capable of only two interpretations that I can think of. One is Institute equals the filing all by itself. The other is that you Institute proceeding with an information when you file it with a waiver of indictment. And the first filing alone confers no subject matter jurisdiction. You can't commence the prosecution. It's a unilateral act. There's no probable cause requirement. It's nothing more than the U.S. attorney's signature on a document stating the charge. Whereas with option number 2 you are the prosecution commences. So option 2 filing with a waiver indictment is exactly equal to an indictment. I'm sorry filing with a waiver of indictment the information then equates to an indictment. And that makes all the sense in the world. Also I know Congress used the term Institute. They didn't say filing. They could have said filing and then we'd know that option number 1 was what Congress meant but they didn't. Well didn't more fundamentally what about the Constitution? Under the United States Constitution you can't institute a criminal charge without an indictment can you?  I don't know. I have to go back and look. I don't think the Constitution uses the word indictment. I think it uses the phrase presentment to the grand jury. Indictment is what the label was. I don't know what it says either. What does the 5th Amendment say? I don't. Somebody in the room surely has a Constitution. We don't either so don't feel too bad. In any event I think Mercado is very persuasive on that point and the reason is because if you acquire the waiver then essentially the information with the waiver is exactly equal to an indictment. And I discuss in my reply brief the 3 different ways you can hail somebody into a court or start a proceeding and you have an indictment of course confers jurisdiction. You can arrest and bring that person before the court. A criminal complaint is not the same as an indictment but you can arrest the person and bring that person into court and you have subject matter jurisdiction. You file an information and nothing happens. Absolutely nothing. Let me ask you this with a situation kind of novel and settled in our circuit and almost unique. Why is it ineffective assistance of counsel that the counsel did not bring it up? I assume you're right about everything here. Is the counsel really ineffective? Well I cited CONTENTOS obviously CONTENTOS stands for the proposition that failing to recognize and assert a statute of limitations defense. I'm sure you know the standard case but I'm talking about this is not the standard case. Well but my point there starting with CONTENTOS is that this issue was apparent right there day 1 on the indictment. The indictment recites the date of January 9, 2001. The indictment is filed the next day. I'm sorry 5 years and 1 day later. I mean it should have been obvious to anybody that there's a statute issue there. And if you then see that you immediately are going to find there's almost no way you can't find Burdick-Stana. And once you find Burdick-Stana then you see all these other cases it's just impossible not to find that to be ineffective assistance of counsel when it's so apparent that there's an issue there. Now you've got to research it and you've got to raise it and you've got to argue it. I agree with all of that. But it's clear right from the indictment that it's there. The other issue that I note is the effect of 3288 and there briefly the issue is whether or not 3288 applies and it certainly appears to apply and Burdick-Stana said it does apply and it seems to me apparent that when 3288 applies the statute contemplates that you first dismiss the information and then find the indictment, find and file the indictment. Well in the Burdick's case though the indictment had not been dismissed had it at the time? You mean the information? Yes I'm sorry the information had not been dismissed. Yeah it's exactly the same as this situation here. Now the court in Burdick's didn't mention that at all? No they did it was mentioned Well I mean didn't compare it to the literal language of 3288 because yours is a technical literal approach to 3288. Correct what happened in Burdick-Stana was the defendant raised it at the district court and then abandoned the issue on appeal and I have no idea why I wouldn't have abandoned it but they did and so while they note the issue they say we do not have to reach that issue. I'm going to try and reserve my two minutes unless you have questions Okay thank you. Thank you. Morning Mr. Lightfoot. Morning your honors. May it please the court. Mr. Rosenberg I have a couple of answers to the court's questions that I was fortunate enough to be able to look up when the court asked Mr. Rosenberg the fifth amendment says no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury and it goes on from there. In addition government exhibit five that was received in evidence at trial the medical examiner's report it lists the onset of illness simply on January 9th between 2 o'clock and 923 so Does it have p.m. after those counsel? Does it have p.m. after those times? It does not have p.m. after those times your honor. Do you think it means p.m.? I believe it does based on the transcript. The evidence Dana Konasek testified this is in volume two of the trial transcript she was there from about 7 o'clock till midnight and Dorian Ragland was there at that time and there was heroin there at that time. The medicals report also says the lasting life at 2 o'clock on January 10th and death at 3 o'clock on January 10th. The issue in this case is and Judge Riley you addressed this already is not necessarily whether the statute of limitations was violated especially if this court makes new law in this circuit saying that section 3288 requires that the indictment be or the information be dismissed before the indictment because this court has held in the past that novel claims based on unsettled areas of law. Counsel is not ineffective necessarily for failing to anticipate that. Does Strickland have the term novel in it? Justice O'Connor has a paragraph where she talks about the claims we're not going to worry about strategic after investigation. Is the word novel in that paragraph do you know Counsel? Your honor I'm not sure if novel is in there. I know this court post talks about novel claims and when you look at the circuit well there's only one circuit that's addressed this argument. The 7th circuit. When you look at all the district courts the few that have looked at these issues the overwhelming majority have rejected the exact claims brought by the defendant. In fact the only case is really the Machado case a district court out of Massachusetts that found that an information was not instituted when it was filed. The government believes that there's two bases here to find that statute of limitations was not violated. That the information was timely instituted and that the indictment was timely found. Now what happened with the 28J letter the government certainly acknowledges and Judge Riley I think this was your exact quote in the PFS distribution case was that the court preferred that authorities 28J letters consist of intervening decisions or new developments. What happened here was that the government had made a statement to the court in its initial brief that upon finding this authority granted it wasn't new authority but authority that's binding on the court the government no longer believed was legally accurate and the choices were how do we inform the court of this and it seemed like the 28J letter. I'm not being critical of it I'm just saying that it's technically not a 28J but it's. Well but what's let's assume you find something that's not legally accurate and as Judge Riley says, Chief Judge Riley says we want to get the law right but in this case it's a combination of fact and law because you've conceded the fact that death occurred on January 9th. The judgment said the death occurred on January 9th the whole case was litigated on the basis the death occurred on January 9th how can we now change the fact just because you found one document in the record that may support a different finding don't I mean it seems to me to be very unfair to the defendant because he may have been able to call Dr. Harris or he may have been able to call this person because what you're saying is really based on hearsay it's hearsay within acceptable hearsay it's Dr. Harris saying that it occurred that somebody told him something I mean don't we have to have a better record on a factual issue we would not oppose a remand for that issue if the court thinks that the information was not timely instituted if the information is timely instituted it doesn't need to decide this however I think the record is clear and first of all the government I don't think ever necessarily conceded that the death occurred on January 9th it was always clear I think to both parties that the death occurred on the 10th what was conceded was that the indictment alleged the 9th is the date of offense and what was missing from everyone's calculation was under the statute of limitations the date of the offense is under the Gonzales case cited in the 28J letter when all the elements occurred and the parties were focusing instead on the actus ritus the distribution occurred on January 9th and that's what everyone has all along thought of as the date the offense occurred the Gonzales case interprets this last sentence of the statute of limitations 3282 within five years next after such offense shall have been committed and the Gonzales case says what is committed well committed is when each and every element has occurred and that's when that's when things changed here from the government's perspective when the government conceded in its initial brief the indictment was untimely what the government was essentially doing was agreeing with a defendant that the district court was wrong in saying that if the offense occurred on January 9th the indictment was still timely. Excuse me let me get some water. So I think when you look at the three elements here that the government had to prove in judgment well you actually sent them out in Dorian Ragland's direct appeal in this case in 2009 the intentional transfer of heroin that defendant knew it was heroin and that heroin at that time the third element was heroin contributed to the victim's death and I think the record's already clear that that third element didn't occur until January 10th now there's been no finding by the district court and if this court wants to remand for a finding we would have no objection to that. Well if we go to the ineffective assistance of counsel I assume that you're saying if you really had an effective defense counsel they would have realized the law even though the government didn't and would have realized that the statute didn't begin to run until the death. We believe I assume that's your argument today. Our argument is there can be no prejudice if the law is that the statute of limitations was not violated and the standard in ineffective assistance of counsel is an objective standard so we don't need to necessarily know why that specific attorney might have My point is maybe you were wrong, the district court was wrong, I mean the government was wrong, defense counsel they all went this way but a really effective counsel would have known that there was not a statute of limitations problem because the last element didn't occur until the 10th. Is that what you're saying? I think that I'm not sure if the attorney would have seen that but I think that if as a matter of law the statute of limitations is not violated the defense counsel because there could be no prejudice Perhaps the attorney would have thought of this had this been argued at the time of the case the Gonzalez case was in 2007, it wasn't a new case, it was one that no one was focusing on the beginning date of the statute of limitations that was really the issue, everyone was looking at the end date of it, was it the date of the indictment or the date of the information everyone just went on the dates that was alleged in the indictment on or about January 9th, but the Gonzalez case says Here's what I'm saying, Mr. Rosenberg said that a lawyer was ineffective because he could see that the offense shows up as the 9th, sees that the filing's the 10th, should have immediately known there was a statute of limitations issue, and what I'm saying is you're saying today that if they'd have really been on their toes they'd have realized there was no statute of limitations issue because the death was on the 10th. Yes, your honor, that could have happened or counsel could have said the information was timely filed within the five years and that was timely instituted and I'd like to address that issue unless there's more questions on the indictment being timely. When you look at, I think the Burdick's Dana case, the only circuit to address this got it right and what we look at, when you look at 3282A the plain reading of that, it talks, it's a charging document specific, unless the indictment is found or the information is instituted. Now what's important there is you look at it doesn't say it doesn't distinguish between a felony information and a misdemeanor information. For misdemeanor information under Rule 7B of the Rules of Criminal Procedure, you don't have to have a waiver of indictment to proceed and there's nothing in 3282A that would say you should interpret 3282A differently if it's a felony or if it's a misdemeanor. But clearly if it's a misdemeanor information, it has to be referring to the filing because there's nothing else that could possibly even happen in the case to proceed with the prosecution. Is there any court that's directly addressed a definition of instituted? In regards to this particular statute? Yes. The Burdick's Dana case has said that that means filing. The Seventh Circuit has said information is instituted as the date that the information is filed. They flatly said instituted means filing? I don't know if they said that instituted means filing but they relied on the plain language of the statute so I think it could be inferred in their decision. Put instituted in quotes. I think you're right. Proceed. And the main argument against this is a policy argument that the government could in essence file an information and extend the statute of limitations indefinitely or as long as they want while they continue to gather evidence to the defendant's detriment. I think there's a few responses and the Burdick's Dana court in the Seventh Circuit got them. The first is that's an issue for Congress. If Congress wanted to require that information have a waiver of indictment in order to trigger the statute of limitations, it could have said that. When I was discussing how the information, it doesn't say in information charging a felony. When you look at 3288, it does say that. It says whenever an indictment or information charging a felony. So Congress knows how to distinguish between the two when they want to. So I think the fact that they did it under 3282A indicates that it should apply equally to whether it's a misdemeanor or felony information and because a misdemeanor information doesn't need a waiver of indictment, the court should not interpret this to say that a felony information does in order to trigger the statute of limitations. Finally, moving on to the argument about even if the information is timely instituted is still invalid because it was returned before the dismissal of the indictment. When you look at section 3288, it's essentially just a six-month extension of the statute of limitations. It's written in the permissive language. But you said nicely essentially because technically the other side's reading of this it says whenever an information is dismissed then a new indictment may be returned. They've got the literal meaning of it right, don't they? If you look at literally, it clearly contemplates this situation. I think the statute doesn't contemplate a situation where there's a pending charge at the time of the dismissal and that pending charge is the exact same charge as the charge that was timely filed. Because in that situation, like the situation here, there's no need to file a further document or proceed with the charge. Well, Burdick's Dana thinks that 3288 comes into play necessarily. Do you really believe it comes into play or do you just think you ought to ignore it? I don't think it necessarily comes into play. You're for ignoring it? I'm for ignoring it. If the court thinks it does come into play, though I want to note a couple of words in 3288. It's a permissive statute. It says whenever an indictment or information is dismissed for any reason then it goes on to say a new indictment may be returned within six calendar months of the date of dismissal. After the dismissal? Yes, Your Honor. But I think to read this as being a restrictive statute to restrict the statute of limitations would be improper because it's clearly written with the goal of extending the statute of limitations. You think of this, and I kind of would analogize this situation to the situation where there's a superseding indictment that perhaps the original timely filed indictment had some sort of error in it. And there's a superseding indictment that charges the exact same charge. This court has held, and most other courts have held, that that superseding indictment relates back to the timely filed indictment. And that's the case even if that timely filed indictment is not dismissed before the superseding indictment is returned. So I think if you read 3288 it doesn't distinguish between an original indictment and a superseding indictment. I think defendant's indictment could cause some problems with superseding indictments as well. Because they're not under that statute. Because they're not under, because the statute doesn't apply to that situation. It doesn't apply to superseding amendments, right? What's that, Your Honor? Because this statute does not apply to superseding amendments. The statute does not say a superseding indictment or superseding information, correct. Is there a statute that applies to superseding indictments? I'm not aware of one as far as relating to the statute limitations. You think they're authorized by statute? Where do they come from? Superseding indictments? I believe they're just like an indictment, Your Honor. I think they should be treated the same as an indictment. Yeah, but I'm trying to get it, dwell down to see what your basis is for even talking about superseding indictments. Are they in the rules or statute? I really don't know. This is an honest question. I don't know either, Your Honor. I apologize. My basis for talking about it was just it's kind of a similar situation to what we have here where it's the same charge being brought again rather than a different charge. And I think this situation is fairly rare. I think that's why the statute doesn't contemplate it. But I don't think reading 3288 in that manner is appropriate. And even if this court decides that that's the case, counsel should not be ineffective for anticipating that six or eight years later this court would create new precedent in this circuit to read 3288 in that way. We would argue that you should affirm the district court, Your Honor. Thank you. Thank you. And Mr. Rosenberg, you have almost two minutes. Thank you, Your Honor. I want to mention that we also filed a motion to expand the mandate relating to the Burridge issue. And I didn't know whether anybody wanted to talk about that or not. I guess I had two real quick questions. One, has any court ruled on that issue of whether you can bring up Burridge on the 2255? Secondly, I don't know if you've been around long enough, but this is very similar to what happened in 924C. I just thought of that, so I haven't researched it. I wonder what we did with 924C when the Supreme Court changed what everybody thought to be the law. I want to go back and look at that. The answer is I don't have an answer for you on the specific question. I just wanted to alert you to the fact that it's out there. And I think in my motion I stated that I'm not aware, when I filed the thing, of any authority that would support an ineffective assistance counsel claim for failing to challenge then controlling authority. So there's an issue there. But I certainly wanted to point out that Mr. Ragdon raised it very effectively in his petition. Now that the Supreme Court has ruled it's maybe something we want to look at, particularly if you're going to remand for further briefing. Going back to 3288, which is I think a key here, I agree. Literally it does require that the original indictment be submitted after the dismissal. The dismissal does trigger it. Burdick, Stain and Kriptosoff cases clearly say so. A superseding indictment is a completely different animal because ordinarily the original indictment is not dismissed and in any event you can't bring an additional time-barred claim via a superseding indictment. It's got to relate back to the original. So it just really does not apply in that situation and it clearly does apply in this one. Thank you Mr. Rosenberg. Thank you both for your briefs and your oral arguments and we will take it under advisement.